**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

LISA WEATHERSBY-BELL,          *

     **Plaintiff,**              *

**v.**                                      **Civil Case No.: GJH-19-3474**

                           *

**WASHINGTON METROPOLITAN AREA**
**TRANSIT AUTHORITY**          *

     **Defendant.**           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Lisa Weathersby-Bell brings this action against Defendant Washington Metropolitan Area Transit Authority ("WMATA") seeking damages for injuries Plaintiff allegedly sustained in an automobile collision with a WMATA vehicle in Washington D.C. on January 3, 2019. WMATA removed the case to this Court and has now moved to dismiss it on *forum non conveniens* grounds, or alternatively to transfer it to the United States District Court for the District of Columbia. ECF No. 6. No hearing is necessary. *See* Loc. Rule 105.6. (D. Md.). For the following reasons, the Court will deny the Motion to Dismiss but will grant the Motion to Transfer Venue.

## I.    BACKGROUND[1]

Plaintiff is a resident of Washington, D.C. ECF No. 3 at 1.[2] "WMATA is an interstate compact agency and instrumentality of Maryland, Virginia, and the District of Columbia." *James*

---

[1] Unless otherwise stated, these facts are taken from Plaintiff's Complaint, ECF No. 3.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system. The Court notes here that while Plaintiff did not allege in her Complaint that she is a resident of Washington, D.C., she included a District of Columbia address in the caption of the Complaint, and the Court will thus assume that is her place of residence.

*v. Wash. Metro. Area Transit Auth.*, 649 F. Supp. 2d 424, 429 (D. Md. 2009); *see* Md. Code Ann., Transp. § 10-204 (codifying the WMATA Compact in the Maryland Code). Plaintiff alleges that on January 3, 2019, she was in a vehicle stopped at a traffic light on 11th Street, Northwest in Washington D.C. when she was rear-ended by a WMATA vehicle driven by a WMATA employee. ECF No. 3 ¶¶ 1–3. Plaintiff asserts that her vehicle was damaged and that she sustained injuries in the accident that required medical treatment and prevented her from working. *Id.* ¶ 5.

Plaintiff filed a Complaint against WMATA in the Circuit Court for Prince George's County, Maryland on October 22, 2019. ECF No. 3. The Complaint asserts a single claim of negligence against WMATA for its driver's alleged failure to operate her vehicle with due care. *Id.* ¶ 4. Plaintiff claims damages including $20,100 in medical expenses, damage to her vehicle and loss of its use, and lost wages, "as well as pain, suffering, emotional upset, and inconvenience." *Id.* ¶ 5.

WMATA removed the action to this Court on December 5, 2019, invoking the Maryland codification of the WMATA Compact provision that grants original jurisdiction over suits against WMATA to the U.S. District Courts and permits removal to the appropriate court pursuant to 28 U.S.C. § 1446. ECF No. 1 ¶ 4 (citing Md. Code Ann., Transp. § 10-204(81)). WMATA filed the pending motion, styled as a Motion to Dismiss on the Grounds of *Forum Non Conveniens* And/Or Motion to Transfer Venue, on December 18, 2019. ECF No. 6. Plaintiff filed an Opposition on February 27, 2020. ECF No. 7. WMATA has not filed a reply.

## II.    STANDARD OF REVIEW

The doctrine of *forum non conveniens* remains applicable in federal courts "only in cases where the alternative forum is abroad" or "perhaps in rare instances where a state or territorial

court serves litigational convenience best." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994)). "When considering a motion to dismiss on *forum non conveniens* grounds, a court must determine that the alternative forum is available to the plaintiff, that the alternative forum is adequate, and that the alternative forum is more convenient in light of the public and private interests involved." *DiFederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 800 (4th Cir. 2013) (citing *Jiali Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 248 (4th Cir. 2011)). A defendant seeking dismissal on *forum non conveniens* grounds "bears the burden of proving the adequacy, availability, and overall convenience of the alternative forum." *Id.* at 800–01 (citing *Galustian v. Peter*, 591 F.3d 724, 731 (4th Cir. 2010)).

Transfer of a case pursuant to 28 U.S.C. § 1404(a) is proper rather than *forum non conveniens* dismissal when another court within the federal system "is the more convenient place for trial of the action." *See Sinochem Int'l Co.*, 549 U.S. at 430. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to another district court where it could have been filed originally. 28 U.S.C. § 1404(a). The statute "was intended to enlarge the common law power of the court under the well-established doctrine of *forum non conveniens* and was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002) (quoting *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994)).

In assessing a motion to transfer, courts consider factors including "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund*

*v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). On a motion to transfer pursuant to § 1404(a), "the burden is on the moving party to show that transfer to another forum is proper." *Lynch*, 237 F. Supp. 2d at 617 (citing *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 592 (E.D. Va. 1992)). "The decision whether to transfer venue is committed to the sound discretion of the trial court." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008) (citing *Brock v. Entre Computer Ctrs., Inc.*, 933 F.3d 1253, 1257 (4th Cir. 1991)).

## III.  DISCUSSION

While its Motion is somewhat nonspecific about its preferred outcome, WMATA appears to argue for *forum non conveniens* dismissal, or transfer to the District of Columbia, without a clear preference for either disposition. The Court considers the propriety of both proposals.

### A.  *Forum Non Conveniens*

WMATA generally argues that "[t]he courts of the District of Columbia are the more appropriate venue to adjudicate the instant case" for a variety of reasons. ECF No. 6-1 at 4. At no point, however, does WMATA address the narrow availability of *forum non conveniens* dismissals in federal court. Nor does WMATA offer a specific proposed alternative forum. Instead, it merely notes that its headquarters are located "within five miles of the United States District Court for the District of Columbia and even closer to the Superior Court of the District of Columbia." *Id.* at 5.

Because *forum non conveniens* dismissal of this action in favor of the U.S. District Court for the District of Columbia is unavailable, *see Sinochem Int'l Co.*, 549 U.S. at 430, the Court assumes WMATA intends to argue for dismissal in favor of the Superior Court of the District of Columbia. But WMATA makes no argument that the Superior Court "serves litigational convenience" better than the U.S. District Court for the District of Columbia. *Id.* In fact,

WMATA's mention of its headquarters' proximity to the Superior Court is one of only two mentions of that court in its brief. ECF No. 6-1 at 5. In short, WMATA's argument for dismissal based on *forum non conveniens* fails. The Court will therefore deny the Motion to Dismiss and will proceed to considering the § 1404(a) transfer component of WMATA's Motion.

### B.  Transfer Pursuant to § 1404(a)

WMATA offers several reasons that transfer of this action to the U.S. District Court for the District of Columbia is appropriate, including that "both Plaintiff and WMATA are principally located in the District of Columbia," that "[t]he alleged accident occurred in the District of Columbia," and that "most, if not all, the material witnesses are in the District of Columbia." *Id.* at 4. The Court considers each argument as it weighs the four factors applicable to motions to transfer. *See Plumbing Servs., Inc.*, 791 F.3d at 444.

#### 1.  Plaintiff's Choice of Forum

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Id.* (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). "[U]nless the balance of factors 'is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Mamani*, 547 F. Supp. 2d at 469 (quoting *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984)). However, the "considerable weight" that is "ordinarily accorded" to the plaintiff's forum choice is "significantly lessened when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy," *Lynch*, 237 F. Supp. 2d at 617 (citing *Dicken*, 862 F. Supp. at 92–93). The weight of the plaintiff's choice is also reduced when "the chosen forum is not the plaintiff's home," *Tse v. Apple Comput., Inc.*, No. L-05-2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006).

As WMATA correctly notes, this case has little to no connection to Maryland because Plaintiff is a District of Columbia resident, WMATA is headquartered there and the accident took place there. Thus, this case's connections with the District of Columbia are plainly far stronger than with this judicial district, which is not Plaintiff's home, and all of the conduct at issue took place in the District of Columbia. Accordingly, Plaintiff's choice of forum is accorded less weight, and the Court proceeds to considering the remaining factors.

### 2.  Witness Convenience and Access

 "One of the most important factors to be considered in deciding a motion to transfer venue is the convenience of witnesses." *Karn v. PTS of Am., LLC*, No. GJH-16-3261, 2019 WL 556970, at *5 (citing *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000)). "[T]he critical determination under this factor is the convenience of the forum to key non-party witnesses." *Id.* (alteration in original) (quoting *Weintraub v. Advanced Corr. Healthcare*, 161 F. Supp. 3d 1272, 1280 (N.D. Ga. 2015)). In contrast, the forum's convenience to witnesses who are employees of a party is entitled to less weight because the party can obtain their presence at trial. *See id.* (citing *CV Restoration, LLC v. Diversified Shafts Sols., Inc.*, No. ELH-16-2102, 2016 WL 6648750, at *5 (D. Md. Nov. 10, 2016)).

Focusing on non-party witnesses, WMATA argues that it would need to depose and potentially subpoena for trial personnel from each of the agencies that responded to the incident or treated Plaintiff's injuries, all of whom, WMATA asserts, are located in the District of Columbia and would suffer hardship in the form of time and travel costs if they had to attend court proceedings in Maryland. ECF No. 6-1 at 1–2, 4–5. Plaintiff responds that all witnesses are residents of the Washington metropolitan area. ECF No. 7 at 3. Plaintiff also asserts that the

WMATA driver lives in Maryland and that some of Plaintiff's medical providers have Maryland

offices, creating greater hardship if they must travel to the District of Columbia. *Id.*[3]

 While Plaintiff correctly argues that as a practical matter, both potential venues are within

the same metropolitan area and are "easily accessible by taking one of WMATA's own trains,"

*id.*, a trial in the District of Columbia would likely be more convenient for the hypothetical

witnesses that WMATA has identified, if perhaps only marginally so. The fact that the WMATA

driver is a Maryland resident receives less weight because she is the employee of a party and the

party can secure the driver's attendance at trial. *Karn*, 2019 WL 6648750, at *5. In short, and

considering the close proximity of the two courthouses, this factor points in WMATA's favor, if

only slightly. *See Howard University v. Watkins*, No. DKC 2006-2076, 2007 WL 763182, at *4

(D. Md. Mar. 12, 2007) (finding greater convenience provided by trial in the District of

Columbia to be only slight factor in favor of transfer given proximity to District of Maryland).

### 3. Convenience of the Parties

 "A defendant moving for transfer must show both that the original forum is inconvenient

for it and that the plaintiff would not be substantially inconvenienced by a transfer." *CV*

*Restoration, LLC*, 2016 WL 6648750, at *6 (citation omitted). Courts have indicated that "[t]his

factor is chiefly operative in cases where the plaintiff chooses a forum away from (either party's)

home." *Dicken*, 862 F. Supp. at 93 (citing *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor*

*Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1259 (E.D. Va. 1988)).

---

[3] While Plaintiff did not allege these facts in her Complaint, "[i]n reviewing a motion to transfer, this Court may consider evidence outside the pleadings." *Siemens Energy, Inc. v. CSX Transp., Inc.*, No. RDB-15-1072, 2016 WL 1059261, at *2 n.2 (D. Md. Mar. 17, 2016) (citing *Brooks-Williams v. Keybank, Nat'l Ass'n*, No. WDQ-15-559, 2015 WL 9255327, at *1 n.4 (D. Md. Dec. 17, 2015)); *see also Ancient Sun Nutrition, Inc. v. Oregon Algae, LLC*, No. 1:10cv140, 2010 WL 3719503, at *1 (W.D.N.C. Sept. 17, 2010) ("Unlike a Rule 12(b) motion, which is limited to facts contained in the Complaint, a motion to transfer allows for review of materials submitted outside the pleadings").

This factor has relevance here because Plaintiff chose a forum away from both party's homes, to the extent that the interstate compact agency WMATA is best considered "at home" at its headquarters in the District of Columbia. WMATA does not explicitly argue that litigating in this Court would be inconvenient for the agency rather than for its likely witnesses, but it does repeatedly refer to Plaintiff's residency in the District of Columbia, which presumably renders litigation there somewhat more convenient for her than in Maryland. ECF No. 6-1 at 1.

While Plaintiff argues that this Court's location "is a mere twenty-five minute drive" from WMATA headquarters and "is also easily accessible by taking one of WMATA's own trains," she cannot contest that the District Court for the District of Columbia is closer to WMATA, nor to the likely witnesses WMATA references, including herself. *Id.* Nor does she offer a compelling reason why litigating in Maryland would be more convenient for her beyond the location of some of her medical providers.

Of course, as a practical matter, "[d]ue to the relative closeness of the transferor and transferee forums, neither party would be greatly inconvenienced if this litigation were to continue in either jurisdiction." *Lynch*, 237 F. Supp. 2d at 618. *Id.* As a result, this factor also weighs just slightly in favor of WMATA and its D.C.-based witnesses.

### 4. Interest of Justice

"Consideration of the interests of justice 'is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties.'" *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005) (quoting *Baylor Heating & Air Conditioning*, 702 F. Supp. at 1260). "Factors include the court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment." *Id.* Courts have also considered the current forum's interest in adjudicating the case and burdens on the jury

selected for trial of the matter. *See Tse*, 2006 WL 2583608, at *6. WMATA offers three primary

reasons why the interests of justice warrant transfer of this action: that District of Columbia law

applies to the case; that D.C. courts have an interest in adjudicating the litigation of torts that

occur in their jurisdictions; and that Maryland courts and juries should not be burdened with

litigation about incidents occurring elsewhere. ECF No. 6-1 at 5.

  With respect to the applicable law, WMATA asserts that District of Columbia law would

apply to this case. *Id.* at 2, 4. There is some question, however, as to what common law federal

courts should apply when WMATA removes a suit from state court by invoking the original

jurisdiction of a federal court over actions involving WMATA, as is the case here. *See* ECF No.

1 ¶ 4 (citing Md. Code Ann., Transp. § 10-204(81)). The familiar rule that a federal court sitting

in diversity applies the choice of law rules of the state in which it sits to determine the applicable

substantive law presumably would not apply to an original jurisdiction case. *See Albemarle*

*Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 652–53 (4th Cir. 2010) (citing *Klaxon Co. v.*

*Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941)) (stating the usual rule for diversity cases).

  Courts do not appear to have explored this question in detail and the parties do not

address it here. To the extent District of Columbia law does apply, however, District of

Columbia judges "are undoubtedly more familiar with it, a further consideration justifying

transfer." *Dicken*, 862 F. Supp. at 94; *see also Lynch*, 237 F. Supp. 2d at 618.

  Regardless of which law applies, WMATA is correct that the entirety of the conduct at

issue occurred in the District of Columbia, and it is generally preferable that "Maryland jurors . .

. not be burdened with adjudicating [a] case . . . [that] stems from conduct that occurred" outside

this district, *Tse*, 2006 WL 2583608, at *6, and that the District of Columbia has a greater

interest than Maryland in adjudicating torts resulting from traffic collisions on its streets that involve its residents.

The parties finally dispute whether this Court or the District Court for the District of Columbia has a more congested docket, citing statistics reflecting caseloads in recent years. ECF No. 6-1 at 5; ECF No. 7 at 4. The Court is comfortable stating that both courthouses are sufficiently occupied and "although somewhat relevant, docket conditions generally receive minor consideration and . . . cannot be the primary reason for retaining venue." *JHT Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 739 (E.D. Va. 2007); *see also Kimber v. Plus3 IT Sys., LLC.*, No. ELH-18-3046, 2019 WL 1518970, at *6–*7 (D. Md. Apr. 5, 2019) (citing *JHT Tax, Inc.*). Given the relative simplicity of the issues in this case, the Court affords no weight to this issue.

In short, the interest of justice factor further indicates that transfer of this action to the U.S. District Court for the District of Columbia is appropriate. The events at issue occurred entirely within its jurisdiction and District of Columbia law may apply. And Plaintiff has offered no indication that a trial in the District of Columbia could be unfair or result in harassment. *See Cross*, 383 F. Supp. 2d at 857.

Accordingly, after considering each of the relevant factors, the Court finds that transfer of this action to the federal court for the jurisdiction in which the events at issue took place is warranted, as courts commonly conclude in accident cases filed in jurisdictions other than the location of the accident. *See, e.g.*, *Dicken*, 862 F. Supp. at 95 (collecting cases); *Lynch*, 237 F. Supp. 2d at 617–18.

**IV.     CONCLUSION**

      For the foregoing reasons, the Court will deny WMATA's Motion to Dismiss on the

Grounds of *Forum Non* Conveniens, ECF No. 6, but will grant WMATA's Motion to Transfer

Venue, *id.* A separate Order shall issue.


Date: <u>August 4, 2020</u>                              /s/_____
                                                       GEORGE J. HAZEL
                                                       United States District Judge